Affirmed by published opinion. Judge SHEDD wrote the opinion, in which Judge DUNCAN joined. Judge HARRIS wrote a separate opinion concurring in the judgment.
SHEDD, Circuit Judge:
Mohammad Sazzad and Anthony Gomes (the Plaintiffs)[1] brought this action against their employers, Ryman Hospitality Properties Inc., and Marriott International, Inc. *445 (the Defendants), alleging violations of the tip-credit provision of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 203(m), their collective bargaining agreement, and Maryland’s Wage Payment and Collection Law. For the following reasons, we affirm the district court’s dismissal of the complaint.
I.
The Plaintiffs work as servers for hotels and restaurants at the National Harbor complex in Prince George’s County, Maryland.[2] The properties were previously owned by Ryman but are currently owned and operated by Marriott. The Plaintiffs are also members of the UNITE HERE, Local 25 union. Although the servers have not voluntarily agreed to a tip — pooling arrangement, the Plaintiffs allege that the Defendants take a portion of their tips-roughly 4% of the total daily food and drink sales — and redistribute those tips to bartenders, server assistants, busboys, and food runners. (J.A. 11-12). Sazzad eventually asked a union official if the tip-pooling arrangement was legal and was told that it was not.
In response, the Plaintiffs filed suit against the Defendants, alleging that the tip-pooling arrangement violated the FLSA, 29 U.S.C. § 208(m), the 2009 Collective Bargaining Agreement between UNITE HERE and the Defendants, and the Maryland Wage Payment and Collection Law. Importantly, the Plaintiffs allege that the Defendants violated the FLSA by “not paying Plaintiffs all their earned tips,” (J.A. 14), and limit their requested relief to, inter alia, “the amount of tip wages” taken by the Defendants (J.A. 16). Thus, the Plaintiffs do not allege that they were paid below minimum wage; even absent tips, their base salary was above the minimum wage at all times. Further, the Plaintiffs do not allege that they were forced to work overtime without proper pay.
The district court, following a hearing, granted the Defendants’ Rule 12(b)(6) motion to dismiss. As to the FLSA count, the court held that because the Plaintiffs were paid the minimum wage, § 203(m) “does not have anything to do with this case.” (J.A. 131). The court noted that the Plaintiffs “do not want to” allege a violation of Department of Labor Regulations which extend § 203(m) to employers who are not utilizing the statute’s tip credit, (J.A. 131), but nonetheless stated that those regulations “exceeded [the Department of Labor’s] authority and ... don’t get past step 1 of the Chevron[3] analysis in terms of deference,” (J.A. 132). The court dismissed the collective bargaining count for failure to exhaust, and the Maryland state law count because the Plaintiffs agreed that a “tip” was not a “wage” under-the Maryland statute. The Plaintiffs timely appealed.[4]
II.
The Plaintiffs continue to press their claim that the Defendants violated the FLSA by requiring them to join the tip-pooling arrangement.[5] We review the *446 grant of a motion to dismiss under Rule 12(b)(6) de novo. United States ex rel. Rostholder v. Omnicare, Inc., 745 F.3d 694, 700 (4th Cir.2013). The Plaintiffs’ argument turns on a question of statutory interpretation. “When interpreting statutes we start with the plain language.” U.S. Dep’t of Labor v. N.C. Growers Ass’n, 377 F.3d 345, 350 (4th Cir.2004). “It is well established that when the statute’s language is plain, the sole function of the courts — at least where the disposition required by the text is not absurd — is to enforce it according to its terms.” Lamie v. U.S. Tr., 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) (internal quotation marks omitted). In determining the plain meaning of the text, we must consider the “broader context of the statute” as a whole, Santoro v. Accenture Fed. Servs., LLC, 748 F.3d 217, 223 (4th Cir.2014), in light of the “cardinal rule,” that “the meaning of statutory language, plain or not, depends on context.” King v. St. Vincent’s Hosp., 502 U.S. 215, 221, 112 S.Ct. 570, 116 L.Ed.2d 578 (1991) (citations omitted).
The FLSA is best understood as the “minimum wage/maximum hour law.” Monahan v. County of Chesterfield, 95 F.3d 1263, 1266 (4th Cir.1996) (internal quotation marks omitted). In enacting the FLSA, Congress intended “to protect all covered workers from substandard wages and oppressive working hours.” Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981). “‘The substantive sections of the FLSA, narrowly focusing on minimum wage rates and maximum working hours, bear out its limited purposes.’ ” Monahan, 95 F.3d at 1267 (quoting Lyon v. Whisman, 45 F.3d 758, 764 (3d Cir.1995)). Thus, the Act requires payment of a minimum wage, 29 U.S.C. § 206(a), and limits the maximum working hours an employee may work without receiving overtime compensation, 29 U.S.C. § 207(a). Section 216(b) provides a cause of action for violations of these two provisions, permitting employees to seek damages, as relevant here, in “the amount of their unpaid minimum wages” and (in appropriate circumstances) an equal amount of liquidated damages. 29 U.S.C. § 216(b).[6]
Here, the Plaintiffs concede that they are paid a full minimum wage absent tips. See J.A. 100 (“Section 206 talks about employer’s paying minimum wage. We never mentioned minimum wage in our complaint ... because that was not our problem”). Under direct questioning from the district court, and at oral argument before us, the Plaintiffs affirmed that they are paid the minimum wage and that the Defendants do not claim the tip credit to pay the minimum wage. Accordingly, the Plaintiffs essentially concede that they do not have a private right of action under § 216(b) because they are not seeking damages for unpaid minimum wages. See Monahan, 95 F.3d at 1284 (rejecting a pure gap time pay claim under the FLSA because, “[i]f the employee has been properly paid at or above minimum wage for all nonovertime hours” there is no FLSA violation).
*447 Instead, however, the Plaintiffs argue that § 203(m), commonly called the tip credit provision, creates a free-standing right to bring a claim for lost “tip” wages. Passed in 1974, § 203(m) defines the term “wage” for “tipped employees” as follows:
In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee’s employer shall be an amount equal to&emdash;(1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20,1996; and (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.
The additional amount on account of tips may not exceed the value of the tips actually received by an employee.
The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.
29 U.S.C. § 203(m).
In other words, § 203(m) permits an employer, in certain circumstances, to take a credit against the minimum wage by using an employees’ tips as “wages.” An employer can thus pay tipped employees (1) a cash wage of $2.13 plus (2) an additional amount in tips that brings the total wage to the federal minimum wage. Cumbie v. Woody Woo, Inc., 596 F.3d 577, 580 (9th Cir.2010). In a situation where the employer uses tips to help meet the minimum wage requirement for its employees, the employee must be informed of this fact and the employee must also be permitted to keep tips, unless the employee is part of a tip pool with other employees who regularly receive tips. The provision was “to make clear the original Congressional intent that an employer could not use the tips of a ‘tipped employee’ to satisfy more than [a certain percentage] of the Act’s applicable minimum wage.” Richard v. Marriott Corp., 549 F.2d 303, 304 (4th Cir.1977) (internal quotation marks omitted).
Here, the Plaintiffs argue that, because they were never informed of the FLSA’s tip-credit provision and the tip-pooling arrangement includes employees that are not regularly tipped (such as busboys), the Defendants’ tip-pooling arrangements were invalid. Accordingly, in the Plaintiffs’ view, “all tips received by” them must be “retained by” them and the Defendants must compensate them for these lost “tip” wages. Even if these words, in isolation, could somehow be read to create such a right, § 203(m) “is limited by the ‘broader context of [the FLSA] as a whole.’ ” Country Vintner of N.C., LLC v. E. & J. Gallo Winery, Inc., 718 F.3d 249, 259 (4th Cir.2013) (quoting In re Total Realty Mgmt., LLC, 706 F.3d 245, 251 (4th Cir.2013)). See also Yates v. United States, — U.S. —, 135 S.Ct. 1074, 1082, 191 L.Ed.2d 64 (2015) (finding that a fish was not a “tangible object” under the statute because “[i]n law as in life, however, the same words, placed in different contexts, sometimes mean different things”); Santoro, 748 F.3d at 223 (holding the Dodd-Frank Act prohibition on arbitration agreements did not invalidate all arbitration agreements because “[njothing” in the statute’s context “suggests that Congress sought to bar arbitration of every claim if the arbitration agreement in question did not exempt Dodd-Frank claims”).
*448 It is not clear that this language, standing alone, achieves what the Plaintiffs claim, but when read in context, it is clear that this language — whatever its import — could give rise to a cause of action only if the employer is using tips to satisfy its minimum wage requirements.[7] The FLSA is the “minimum wage/maximum hour law.” Monahan, 95 F.3d at 1266. Given that context, § 203(m) “does not state freestanding requirements pertaining to all tipped employees,” but rather creates rights and obligations for employers attempting to use tips as a credit against the minimum wage. Woody Woo, 596 F.3d at 581 (emphasis in original). The FLSA “requires payment of minimum wages and overtime wages only,” and “is unavailing where wages do not fall below the statutory minimum and hours do not rise above the overtime threshold.” Nakahata v. New York-Presbyterian Healthcare Sys., 723 F.3d 192, 201 (2d Cir.2013). We thus find that the statutory requirements that an employer inform an employee of § 203(m) and permit the employee to retain all his tips unless the employee is in a tip pool with other regularly tipped employees does not apply to employees, like the Plaintiffs, who are seeking only the recovery of the tips unrelated to a minimum wage or overtime claim.[8]
III.
Here, the Plaintiffs concede that their wages do not fall below the statutory minimum, and the “the statutory language,” of the FLSA, including § 203(m), “simply does not contemplate a claim for wages other than minimum or overtime wages.” Id. at 201-02. Accordingly, the judgment of the district court is affirmed..

AFFIRMED

. A third plaintiff, Patricio Trejo, did not file an appearance on appeal and was dismissed pursuant to Local Rule 45 for failure to prosecute.

.The facts are taken from the Plaintiffs’ complaint. Because we are reviewing the district court’s grant of a Rule 12(b)(6) motion to dismiss, we accept the allegations in the complaint as true and construe them in the light most favorable to the Plaintiffs. See Coleman v. Maryland Court of Appeals, 626 F.3d 187, 189 (4th Cir.2010).

. Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984).

. The Plaintiffs did not appeal the district court's dismissal of the collective bargaining or Maryland state law claims.

. After briefing concluded, the Government filed an amicus brief primarily arguing that *446 the Department of Labor regulations promulgated under § 203 (m), which require that employers comply with the statutory restrictions on use of employee tips even if they otherwise are paying minimum wage, are a valid exercise of the agency's gap-filling authority. The Plaintiffs have repeatedly argued that they are pursuing a claim only under the FLSA and that the regulations are “not an issue” in this case. (J.A. 100). Accordingly, we have no occasion to opine on the validity of the regulations in this appeal.

. The Secretary of Labor is empowered to bring an action for unpaid wages under § 216(b) and an action to restrain violations of the FLSA, 29 U.S.C. § 217.

. For instance, in Richard, we affirmed a damages award when the employer (Marriott) attempted to use the tip credit to satisfy its minimum wage obligations but failed to comply with the requirements of § 203(m).

. The Government, in its amicus brief, agrees with the conclusion that there is no viable private right of action under the FLSA in this case because the "plaintiffs are not pursuing minimum wage claims or overtime claims, but instead seek only to collect improperly withheld tips.” (Gov’t Amicus Br. at 12).