UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1202**

BALDINO'S LOCK & KEY SERVICE, INC.,

　　　　　Plaintiff – Appellant,

　　　v.

GOOGLE INC.; ZIPLOCAL, LP; JOHN DOES 1-25; GOOGLE INFORMATION, INC.,

　　　　　Defendants – Appellees,

　　　and

SUPERMEDIA SALES, INC.; YELLOWBOOK INC., a division of Hibu, Inc.,

　　　　　Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Senior District Judge.  (1:14-cv-00636-CMH-TCB)

Submitted:  November 30, 2015　　　Decided:  December 4, 2015

Before NIEMEYER, MOTZ, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Donald C. Holmes, DONALD C. HOLMES & ASSOCIATES, P.A., Greensboro, Maryland; Andrew C. Bisulca, LAW OFFICE OF ANDREW C. BISULCA, P.C., Woodbridge, Virginia, for Appellant. Dennis J. Quinn, Kristine M. Ellison, CARR MALONEY P.C., Washington, D.C.;

Daryl L. Joseffer, Taylor T. Lankford, Carolyn M. Sweeney, KING & SPALDING LLP, Washington, D.C.; Kathleen E. McCarthy, KING & SPALDING, New York, New York, for Appellees.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Baldino's Lock & Key Service, Inc. (Baldino's) appeals the district court's order granting the Defendants' motions to dismiss for failure to state a claim upon which relief can be granted. We affirm.

Baldino's is a Virginia corporation and licensed locksmith that provides locksmith services in Virginia, Maryland and the District of Columbia. In its Second Amended Complaint, Baldino's asserted that the Defendants, Google, Inc., YellowBook, Inc., and Ziplocal, LP, knowingly published the names, addresses and phone numbers of unlicensed locksmiths on their websites in order to gain advertising revenue. Baldino's alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-68 (2012), and the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) (2012).

The district court granted the Defendants' motions to dismiss. Of relevance to this appeal,* the court determined that Baldino's had not shown that the Defendants had made a false or misleading description or representation of fact and, accordingly, had failed to state a claim under the Lanham Act.

---

* On appeal, Baldino's has expressly abandoned both its claims against YellowBook and its RICO claims.

We review de novo a district court's dismissal of an action for failure to state a claim. Trejo v. Ryman Hosp. Props., Inc., 795 F.3d 442, 445-46 (4th Cir. 2015). To survive a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). We must accept as true the complaint's factual allegations and draw all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012).

The "Lanham Act creates a private right of action for corporate victims of 'false or misleading' descriptions or representations." In re GNC Corp., 789 F.3d 505, 514 (4th Cir. 2015). To prevail on a Lanham Act claim, a plaintiff must establish that:

> (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement about his own or another's product; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with its products.

4

Design Resources, Inc. v. Leather Indus. of Am., 789 F.3d 495, 501 (4th Cir. 2015).

Here, the district court correctly determined that Baldino's failed to show that the Defendants made any representations. Rather, the locksmiths who generated the information that appeared on Defendants' websites are solely responsible for making any faulty or misleading representations or descriptions of fact. Accordingly, the district court did not err in dismissing Baldino's Lanham Act claim under Rule 12(b)(6).

We therefore affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED