**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-7040**

CHARLES T. HOYE,

Plaintiff - Appellant,

v.

I. T. GILMORE, Warden Coffeewood Correctional Center; S. HILL, Assistant
Warden-Coffeewood Correctional Center; R. W. MARTIN, EBP-Reentry Mgr.
Coffeewood Correctional Center; D. GOURDINE, IPM-Coffeewood Correctional
Center; D. N. HILLIAN, Unit Manager-Coffeewood Correctional Center; J.
PARKS, Director, Offender Management Services; K. DAWKINS, Manager,
Offender Management Services,

Defendants - Appellees.

**No. 16-7084**

CHARLES T. HOYE,

Plaintiff - Appellant,

v.

I. T. GILMORE, Warden Coffeewood Correctional Center; S. HILL, Assistant
Warden-Coffeewood Correctional Center; R. W. MARTIN, EBP-Reentry Mgr.
Coffeewood Correctional Center; D. GOURDINE, IPM-Coffeewood Correctional
Center; D. N. HILLIAN, Unit Manager-Coffeewood Correctional Center; J.
PARKS, Director, Offender Management Services; K. DAWKINS, Manager,
Offender Management Services,

Defendants - Appellees.

Appeals from the United States District Court for the Western District of Virginia, at Roanoke.  Michael F. Urbanski, District Judge.  (7:15-cv-00203-MFU-RSB)

Submitted:  June 9, 2017                                    Decided:  June 16, 2017

Before WILKINSON and DIAZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Stephen L. Braga, UNIVERSITY OF VIRGINIA SCHOOL OF LAW, Charlottesville, Virginia, for Appellant.  Mark R. Herring, Attorney General of Virginia, Stuart A. Raphael, Solicitor General, Matthew R. McGuire Assistant Attorney General, Trevor S. Cox, Deputy Solicitor General, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Charles T. Hoye appeals the district court's order granting the Appellees' motion to dismiss and dismissing for failure to state a claim Hoye's 42 U.S.C. § 1983 (2012) complaint alleging retaliation in violation of the First Amendment. He contends that the district court erred in relying on *Adams v. Rice*, 40 F.3d 72 (4th Cir. 1996), and that his allegations of adversity were sufficient to survive a motion to dismiss. We affirm.

We review de novo a district court's dismissal of an action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 445-46 (4th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although we must "draw[] all reasonable inferences in favor of the plaintiff," *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015) (internal quotation marks omitted), a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (alteration and internal quotations marks omitted).

To state a First Amendment retaliation claim, a plaintiff must show that (1) his speech was protected, (2) the alleged retaliatory action adversely affected his protected speech, and (3) a causal relationship existed between the protected speech and the retaliation. *Raub v. Campbell*, 785 F.3d 876, 885 (4th Cir. 2015). Claims of retaliation

3

by prisoners must "be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

"[F]or purposes of a First Amendment retaliation claim under § 1983, a plaintiff suffers adverse action if the defendant's allegedly retaliatory conduct would likely deter a person of ordinary firmness from the exercise of First Amendment rights." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 500 (4th Cir. 2005) (internal quotation marks omitted).

Distinguishing *Adams*, we recently held that prisoners have a constitutional right to file prison grievances free from retaliation. *Booker v. S.C. Dep't of Corr.*, 855 F.3d 533, 545 (4th Cir. 2017). Thus, Hoye has shown that his filing of prison grievances was a protected activity.

We conclude, however, that Hoye has not shown an adverse action. Hoye alleges that as a result of his transfer, he is now located in a prison farther away from his family, making it "practically impossible" for his family to visit him. (J.A. 24). But Deep Meadow Correctional Center (DMCC) is a prison on the same security level as Coffeewood Correctional Center (CWCC), is located in the same zone as CWCC, and is only about an hour farther away from his family than CWCC. Traveling an extra hour to the prison—two hours roundtrip—does not make it "practically impossible" for Hoye's family to visit him, nor, we conclude, would such a transfer deter a person of ordinary firmness from filing prison grievances, *see Constantine*, 411 F.3d at 500. Indeed, "[s]ince prisoners are expected to endure more than the average citizen, and since

4

transfers are common among prisons, ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005). Ultimately, the transfer "may have inconvenienced" Hoye, "but it did not chill, impair, or deny [his] exercise of First Amendment rights." *Am. Civil Liberties Union of Md., Inc. v. Wicomico Cty.*, 999 F.2d 780, 786 (4th Cir. 1993).

Hoye's situation is quite unlike the situations in the cases that Hoye cites for support. In *Pasley v. Conerly*, the Sixth Circuit ruled that threatening to transfer somebody from a prison outside of Detroit to a place "so far up North that your family won't recognize you when you get back" constituted an adverse action. 345 F. App'x 981, 983, 985 (6th Cir. 2009) (No. 08-2132) (internal quotation marks omitted). Similarly, the District of Columbia Circuit ruled that reclassifying a prisoner as a "special offender" and transferring him from Pennsylvania to Florida, over a thousand miles away from his sick parents, constituted an adverse action. *Toolasprashad v. Bureau of Prisons*, 286 F.3d 576, 580, 585 (D.C. Cir. 2002). Hoye, in contrast, was transferred only 70 miles away. Moreover, Hoye was not transferred to "a more dangerous section" of a prison, *see Morris v. Powell*, 449 F.3d 682, 687 (5th Cir. 2006), nor was he placed in segregated housing or in a lock-down unit, *see Hill v. Lappin*, 630 F.3d 468, 474 (6th Cir. 2010).

Finally, although Hoye alleges that he is now rarely able to call his children "due to the increased cost of long-distance phone service from DMCC" (J.A. 24), Hoye does not explain how much more money it costs to call his family now when compared to the

5

cost while he was incarcerated at CWCC. Without anything more, we conclude an unspecified increase in the cost of telephone calls would not deter a person of ordinary firmness from filing prison grievances. *See Constantine*, 411 F.3d at 500. Thus, we conclude that the district court did not err in dismissing Hoye's complaint.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*