**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-2347

CARMEN SWASO,

       Plaintiff - Appellant,

    v.

ONSLOW COUNTY BOARD OF EDUCATION; PAMELA THOMAS, individually and in her official capacity; DR. DONNA LYNCH, individually and in her official capacity; DR. KATHY SPENCER, Superintendent Onslow County Schools,

       Defendants - Appellees,

    and

FRED HOLT, individually and in his official capacity; MARGARET BROWN, individually and in her official capacity; BROCK RIDGE, individually and in his official capacity; JEFFREY L. BROWN, individually and in his official capacity; LINA PADGETT-PARKER, individually and in her official capacity; RONNIE ROSS, individually and in his official capacity; MARY ANN SHARPE, individually and in her official capacity; EARL TAYLOR, individually and in his official capacity; PAUL WIGGINS, individually and in his official capacity,

       Defendants.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Louise W. Flanagan, District Judge. (7:13-cv-00224-FL)

Submitted: June 30, 2017                Decided: August 10, 2017

Amended: August 11, 2017

Before WILKINSON, NIEMEYER, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Geraldine Sumter, FERGUSON CHAMBERS & SUMTER, PA, Charlotte, North Carolina, for Appellant. Scott C. Hart, SUMRELL, SUGG, CARMICHAEL, HICKS & HART, P.A., New Bern, North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carmen Swaso appeals the district court's order dismissing, for failure to state a claim, her civil action alleging racial discrimination in employment under 42 U.S.C. § 1981 (2012) and 42 U.S.C. § 1983 (2012). On appeal, Swaso challenges the district court's dismissal of her claim on the ground that, with respect to two instances of alleged discriminatory treatment, she failed to allege either an adverse employment action or circumstances giving rise to an inference of unlawful discrimination. For the reasons that follow, we affirm.

We review de novo a district court's dismissal of an action under Fed. R. Civ. P. 12(b)(6). *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 445-46 (4th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In conducting this analysis, we "accept[] as true the complaint's factual allegations and draw[] all reasonable inferences in favor of the plaintiff." *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015) (internal quotation marks omitted). However, we need not accept "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted). The complaint must offer "more than

3

labels and conclusions" or "a formulaic recitation of the elements of a cause of action," *Bell Alt. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but ultimately "need only give the defendant fair notice of what the claim is and the grounds upon which it rests," *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks omitted). A "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014).

Claims of racial discrimination in employment under § 1981 and § 1983 are evaluated under the Title VII framework. *See Love-Lane v. Martin*, 355 F.3d 766, 786 (4th Cir. 2004). A plaintiff may establish liability under Title VII by employing two methods of proof: (1) "demonstrating through direct or circumstantial evidence that [her] race was a motivating factor in the employer's adverse employment action"; or (2) relying on the burden shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213-14 (4th Cir. 2007).

To establish a claim under *McDonnell Douglas*, a plaintiff must put forth a prima facie case of discrimination by establishing that: (1) she is a member of a protected class; (2) she "suffered an adverse employment action"; (3) her job performance was satisfactory; and (4) the adverse employment action occurred "under circumstances giving rise to an inference of unlawful discrimination." *Adams v. Tr. of Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011). The fourth element is met if "similarly-

4

situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004). While a plaintiff need not plead a prima facie case to survive a motion to dismiss, a Title VII complaint is still subject to dismissal if it does not meet the ordinary pleadings standard under *Twombly* and *Iqbal*. *See McCleary-Evans v. Md. Dep't of Transp.*, 780 F.3d 582, 584-85 (4th Cir. 2015); *Coleman v. Md. Court of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010).

Swaso first argues that the district court erred in concluding that she failed to allege an adverse employment action with respect to the actions Defendants took to alert her to, and protect her from, a threat to her safety on October 18, 2011. "An adverse employment action is a discriminatory act that adversely affect[s] the terms, conditions, or benefits of the plaintiff's employment." *Holland*, 487 F.3d at 219 (internal quotation marks omitted). Although "[c]onduct short of ultimate employment decisions can constitute adverse employment action," *James v. Booz-Allen & Hamilton, Inc.*, 368 F.3d 371, 375-76 (4th Cir. 2004) (internal quotation marks omitted), "adverse employment action . . . denotes some direct or indirect impact on an individual's employment as opposed to harms immaterially related to it," *Adams v. Anne Arundel Cty. Pub. Schs.*, 789 F.3d 422, 431 (4th Cir. 2015). "An adverse action is one that constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011) (internal quotation marks omitted).

5

Our review of Swaso's complaint confirms the district court's holding. Defendants' alleged omissions did not have an impact on Swaso's employment conditions equivalent to "hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Se id.* And while Swaso's reaction to the October 18 events may have triggered a chain of events culminating in her absence from work and loss of position and income, those sequelae are not fairly attributable to Defendants' challenged actions on October 18.

The district court concluded that Swaso adequately alleged a different adverse employment action: Defendant's refusal to permit her to return to work with the medical restriction of no prolonged standing. But we agree with the district court's determination that Swaso failed to allege facts sufficient to establish that this action occurred under circumstances giving rise to an inference of unlawful discrimination.

A plaintiff is not required to identify a similarly situated white comparator to prove her discrimination claim, so long as she can establish an inference of unlawful discrimination through other means. *See Bryant v. Aiken Reg'l Med. Ctrs., Inc.*, 333 F.3d 536, 545-46 (4th Cir. 2003). We "may infer discriminatory intent from evidence of a general pattern of racial discrimination in the practices of a defendant." *Woods v. City of Greensboro*, 855 F.3d 639, 649 (4th Cir. 2017). Where a plaintiff attempts to rely on comparator evidence to establish circumstances giving rise to an inference of unlawful discrimination, however, "[t]he similarity between comparators . . . must be clearly established in order to be meaningful." *Lightner v. City of Wilmington, N.C.*, 545 F.3d

6

260, 265 (4th Cir. 2008). "Overall, the inquiry simply asks whether there are sufficient commonalities on the key variables between the plaintiff and the would-be comparator to allow the type of comparison that, taken together with the other prima facie evidence, would allow a jury to reach an inference of discrimination." *Eaton v. Ind. Dep't of Corr.*, 657 F.3d 551, 556 (7th Cir. 2011) (internal quotation marks omitted).

Swaso alleged that, unlike her, some white teachers were permitted to return to work with more severe restrictions or medical conditions, and that some white employees were permitted to return with similar standing restrictions. Beyond these bare allegations, however, Swaso failed to provide any factual enhancement regarding the alleged comparators—such as the medical conditions or restrictions of the white teachers who were allowed to return, or the positions or job requirements of those employees allowed to return with standing restrictions—that would permit the court to reasonably infer their similarity. Absent further factual development, Swaso falls short of alleging facts from which to reasonably infer that their difference in treatment was attributable to racial discrimination. Even when viewed in light of Swaso's remaining allegations, we conclude her bare allegations are insufficient to raise her right to relief above the speculative level.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

7