**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1202

PHILLIP FRANCIS LUKE HUGHES, on behalf of the Estate of Jane K. Hughes, and all others similarly situated; JOANNE HAFTER, and all others similarly situated,

Plaintiffs - Appellants,

v.

BANK OF AMERICA NATIONAL ASSOCIATION,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Mary G. Lewis, District Judge.  (7:15-cv-05083-MGL)

Submitted:  August 31, 2017                     Decided:  September 11, 2017

Before FLOYD, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jamie N. Smith, Bradley D. Hewett, D. Michael Kelly, MIKE KELLY LAW GROUP, LLC, Columbia, South Carolina, for Appellants.  Matthew Allen Fitzgerald, Bryan Alan Fratkin, Garrett H. Hooe, MCGUIRE WOODS LLP, Richmond, Virginia, Robert A. Muckenfuss, MCGUIRE WOODS LLP, Charlotte, North Carolina, Elizabeth M.Z. Timmermans, MCGUIRE WOODS LLP, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Phillip Francis Luke Hughes and Joanne Hafter appeal the district court's order granting Bank of America National Association's motion to dismiss for failure to state a claim upon which relief can be granted. The district court concluded that Appellants' claims were barred by the applicable statutes of limitations and that Appellants failed to establish grounds for equitable tolling. We affirm.

We review de novo a district court's dismissal of an action under Fed. R. Civ. P. 12(b)(6). *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 445-46 (4th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In conducting this analysis, we "accept[] as true the complaint's factual allegations and draw[] all reasonable inferences in favor of the plaintiff." *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015) (internal quotation marks omitted). However, we need not accept as true "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted). The complaint must offer "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), but ultimately

3

"need only give the defendant fair notice of what the claim is and the grounds upon which it rests," *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks omitted). And, "[a]lthough a motion pursuant to Rule 12(b)(6) invites an inquiry into the legal sufficiency of the complaint, not an analysis of potential defenses to the claims set forth therein, dismissal nevertheless is appropriate when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brockington v. Boykins*, 637 F.3d 503, 506 (4th Cir. 2011) (internal quotation marks omitted).

Generally, parties "are entitled to equitable tolling only if they show that they have pursued their rights diligently <u>and</u> extraordinary circumstances prevented them from filing on time." *Raplee v. United States*, 842 F.3d 328, 333 (4th Cir. 2016), *cert. denied*, 137 S. Ct. 2274 (2017). "[E]quitable tolling is reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.* at 333 (internal quotation marks omitted). "[T]he use of equitable tolling must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Lawrence v. Lynch*, 826 F.3d 198, 204 (4th Cir. 2016) (internal quotation marks omitted). Where a plaintiff has alleged fraudulent concealment of his cause of action, equitable tolling requires a plaintiff to demonstrate that "(1) the party pleading the statute of limitations fraudulently concealed facts that are the basis of the plaintiff's claim, and (2) the plaintiff failed to discover those facts within the statutory

4

period, despite (3) the exercise of due diligence." *Supermarket of Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 122 (4th Cir. 1995).

With these standards in mind, we have reviewed the briefs and the record before us and conclude that the district court did not err in granting the motion to dismiss Appellants' claims. Accordingly, we affirm for the reasons stated by the district court. *Hughes v. Bank of Am. Nat'l Ass'n*, No. 7:15-cv-05083-MGL (D.S.C. Feb. 13, 2017). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*