**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-1698**

_____

BARRY DAMON MALLATERE,

            Plaintiff - Appellant,

        v.

TOWN OF BOONE, a North Carolina Municipal Corporation,

            Defendant - Appellee.

_____

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.  Graham C. Mullen, Senior District Judge.  (5:18-cv-00006-GCM)

_____

Submitted:  April 30, 2020                                Decided:  June 11, 2020

_____

Before KEENAN, HARRIS, and QUATTLEBAUM, Circuit Judges.

_____

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

_____

Nathan A. Miller, MILLER & JOHNSON, PLLC, Boone, North Carolina, for Appellant. H. Lee Davis, Jr., Ann C. Rowe, DAVIS & HAMRICK, LLP, Winston-Salem, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Barry Damon Mallatere appeals the district court's order dismissing his amended complaint against the Town of Boone, a North Carolina municipal corporation, for failure to state a claim. We have reviewed the record and find no reversible error in the district court's dismissal of Mallatere's 42 U.S.C. § 1983 (2018) claim. We therefore affirm that portion of the order for the reasons stated by the district court. We conclude, however, that the district court erred by dismissing Mallatere's malicious prosecution claim on the basis of governmental immunity; accordingly, we vacate this portion of the district court's order and remand for further proceedings.

We review de novo a district court's dismissal for failure to state a claim. *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 445-46 (4th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Although a pleading that offers only "a formulaic recitation of the elements of a cause of action will not do," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), we "draw[] all reasonable inferences in favor of the plaintiff," *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015) (internal quotation marks omitted). A plaintiff plausibly suggests a claim is viable by pleading "enough fact to raise a reasonable expectation that discovery will reveal evidence" to support the claim at issue. *Twombly*, 550 U.S. at 556.

A municipality in North Carolina is immune from "the torts of its officers and employees if the torts are committed while they are performing a governmental function."

2

*Strickland v. Hedrick*, 669 S.E.2d 61, 67 (N.C. Ct. App. 2008). However, municipalities can waive their immunity from suit by purchasing liability insurance. N.C. Gen. Stat. § 160A-485(a) (2018). To combat a governmental immunity defense, the complaint must specifically allege that the defendant has waived it. *Fullwood v. Barnes*, 792 S.E.2d 545, 550 (N.C. Ct. App. 2016).

In his amended complaint, Mallatere stated that "[u]pon information and belief," Boone purchased liability insurance and waived its immunity. When taking as true the allegation that Boone had liability insurance, it is reasonable to infer that Boone has waived its immunity from suit. *See Elyazidi*, 780 F.3d at 233. Therefore, we conclude that the district court erred by dismissing Mallatere's malicious prosecution claim as barred by Boone's governmental immunity.

We leave the issue of whether Mallatere adequately stated a claim for malicious prosecution for the district court to address on remand in the first instance. *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."); *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 515 (4th Cir. 2015) ("The district court is in a better position to consider the parties' arguments in the first instance, which can be presented at length rather than being discussed in appellate briefs centered on the issues the district court did decide.").

Accordingly, we affirm the portion of the district court's order dismissing Mallatere's § 1983 claim, vacate the portion of the district court's order dismissing Mallatere's malicious prosecution claim based on governmental immunity, and remand for

3

proceedings consistent with this opinion.* We express no opinion on the merits of Mallatere's malicious prosecution claim. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*VACATED IN PART, AND REMANDED*

---

* Mallatere's amended complaint also raised a freestanding constitutional claim as an alternative to his § 1983 claim. The district court dismissed that claim because § 1983 was the proper avenue to assert constitutional violations by municipalities; Mallatere does not appeal that dismissal.