**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-1926**

_____

SUSAN DRESS; AMY EDWARDS; STEPHANIE BARNETT, on behalf of themselves and all others similarly situated,

Plaintiffs - Appellants,

v.

CAPITAL ONE BANK (USA), N.A.,

Defendant - Appellee.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, Senior District Judge. (1:19-cv-00343-LO-IDD)

_____

Submitted: April 29, 2021                                        Decided: June 2, 2021

_____

Before AGEE, DIAZ, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Nicholas A. Migliaccio, Jason S. Rathod, MIGLIACCIO & RATHOD, LLP, Washington, D.C.; Jeffrey D. Kaliel, KALIEL PLLC, Washington, D.C.; Bernard Joseph DiMuro, DIMUROGINSBERG, PC, Alexandria, Virginia; Jonathan E. Taylor, GUPTA WESSLER PLLC, Washington, D.C.; Patrick J. Sheehan, WHATLEY KALLAS, LLP, Boston, Massachusetts; James J. Pizzirusso, HAUSFELD, Washington, D.C., for Appellants. Beth S. Brinkmann, Andrew J. Soukup, Colleen R. Smith, COVINGTON & BURLING, LLP, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Susan Dress,[*] Amy Edwards, and Stephanie Barnett (Plaintiffs) sued Capital One Bank (Capital One), alleging, inter alia, breach of contract and breach of the covenant of good faith and fair dealing. Plaintiffs claimed that Capital One promised its credit card holders that they would not be charged interest on new purchases if they paid for those purchases in full by the payment deadline, and that Capital One breached that promise. The district court dismissed their action for failure to state a claim, and Plaintiffs appeal. Finding no error, we affirm.

We review de novo a district court's dismissal of an action for failure to state a claim. *Trejo v. Ryman Hosp. Props., Inc.,* 795 F.3d 442, 445-46 (4th Cir. 2015). "When ruling on a motion to dismiss, courts must accept as true all of the factual allegations contained in the complaint and draw all reasonable inferences in favor of the plaintiff." *Hall v. DIRECTV, LLC*, 846 F.3d 757, 765 (4th Cir. 2017). To survive a motion to dismiss, a complaint must "state[] a plausible," not merely conceivable, "claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Specifically, here Plaintiffs must state a plausible claim for relief under Virginia contract law. The district court, as a "federal court exercising diversity jurisdiction," had to apply the substantive law of the forum state. *Volvo Const. Equip. N. Am., Inc. v. CLM Equip. Co.*, 386 F.3d 581, 599–600 (4th Cir. 2004). Virginia law honors contractual choice-of-law provisions. *See Settlement Funding, LLC v. Von Neumann-Lillie*, 645

---

[*] The district court dismissed Dress' claims for lack of standing and Plaintiffs have not challenged that dismissal on appeal.

2

S.E.2d 436, 438 (Va. 2007). Accordingly, because the parties' contracts stated that Virginia law governed their agreements, Virginia contract law governs Plaintiffs' claims.

Under Virginia law, where the terms of a contract are clear and unambiguous, the contract is construed according to its plain meaning and a reviewing court must enforce the contract as written by the parties. *See Va. Elec. & Power Co. v. N. Va. Reg'l Park Auth.*, 618 S.E.2d 323, 326-27 (Va. 2005); *see also TM Delmarva Power, LLC v. NCP of Va., LLC*, 557 S.E.2d 199, 200 (Va. 2002) ("Contracts are construed as written, without adding terms that were not included by the parties."). "A contract is not ambiguous merely because the parties disagree as to the meaning of the terms used." *TM Delmarva Power*, 557 S.E.2d at 200. Rather, a contract is ambiguous only "when the contract's language is of doubtful import, is susceptible of being understood in more than one way or of having more than one meaning, or refers to two or more things at the same time." *Pocahontas Mining Ltd. Liab. Co. v. CNX Gas Co.*, 666 S.E.2d 527, 531 (Va. 2008).

The district court dismissed Plaintiffs' suit because it found that the contracts between the parties clearly authorized Capital One to impose the interest charges Plaintiffs challenged. On appeal, Plaintiffs argue that the contracts are ambiguous and thus that their claim that Capital One breached the contracts' terms is plausible. However, we have reviewed the documents governing the parties' agreements and find that the contracts' terms are unambiguous. Specifically, the contracts inform cardholders that, in general, interest charges begin to accrue from the day a transaction occurs. The contracts then "plainly declare[]" the one, limited exception to the general rule of interest accrual: namely, that Capital One will not charge interest on new purchases only if the cardholder has timely

3

paid her account balance in full. *W. F. Magann Corp. v. Virginia-Carolina Elec. Works, Inc.*, 123 S.E.2d 377, 381 (Va. 1962) (noting courts must construe contracts based on the parties' intentions as expressed by the words used therein).

Here, because each of the Plaintiffs carried an outstanding account balance when they made new purchases, Capital One acted within its contractual authority when it charged interest on those new purchases. Plaintiffs' claims for breach of contract and breach of the covenant of good faith and fair dealing are therefore implausible. *See Doctors Co. v. Women's Healthcare Assocs., Inc.*, 740 S.E.2d 523, 527 (Va. 2013) (stating that, to prevail on a breach of contract claim, a plaintiff must show "a legally enforceable obligation between the defendant and plaintiff, breached by defendant, which proximately caused damages to the plaintiff"); *see also Ward's Equip., Inc. v. New Holland N. Am., Inc.*, 493 S.E.2d 516, 520 (Va. 1997) (noting that, in Virginia, the implied covenant of good faith and fair dealing "cannot be the vehicle for rewriting an unambiguous contract in order to create duties that do not otherwise exist").

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*