**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-1089**

RIKER MCKENZIE-EL,

        Plaintiff - Appellant,

    v.

AMERICAN SUGAR REFINING, INC.,

        Defendant - Appellee.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, Senior District Judge. (1:20-cv-00917-RDB)

Submitted: August 24, 2021                Decided: November 19, 2021

Before WILKINSON, DIAZ, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dionna Maria Lewis, DISTRICT LEGAL GROUP, PLLC, Washington, D.C., for Appellant. Emmett F. McGee, Jr., Jill S. Distler, JACKSON LEWIS P.C., Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Riker McKenzie-El, Jr., appeals from the dismissal of his employment discrimination complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Specifically, McKenzie-El asserts that the district court improperly dismissed his claims of race and national origin discrimination, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e to 2000e-17 ("Title VII"); and race discrimination, in violation of 42 U.S.C. § 1981. He also challenges the district court's dismissal with prejudice. We affirm.

We review de novo a district court's dismissal of an action under Rule 12(b)(6). *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 445–46 (4th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In evaluating a Rule 12(b)(6) dismissal, we will "accept[] as true the complaint's factual allegations and draw[] all reasonable inferences in favor of the plaintiff." *Elyazidi v. SunTrust Bank*, 780 F.3d 227, 233 (4th Cir. 2015) (internal quotation marks omitted). However, we need not accept "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009) (internal quotation marks omitted). A complaint

2

must offer "more than labels and conclusions" or "a formulaic recitation of a cause of action's elements," *Twombly*, 550 U.S. at545, but ultimately "need only give the defendant fair notice of what the claim is and the grounds upon which it rests," *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks omitted). The "complaint will not be dismissed as long as [it] provides sufficient detail about [the] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Attorneys Office*, 767 F.3d 379, 396 (4th Cir. 2014).

A plaintiff may establish liability for Title VII employment discrimination under two methods of proof: (1) "demonstrating through direct or circumstantial evidence that his race was a motivating factor in the employer's adverse employment action"; or (2) relying on the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213–14 (4th Cir. 2007). To establish a claim under the *McDonnell Douglas* burden-shifting scheme, a plaintiff must first put forth a prima facie case of discrimination by establishing that: (1) he is a member of a protected class; (2) he "suffered an adverse employment action"; (3) his job performance was satisfactory; and (4) the adverse employment action occurred "under circumstances giving rise to an inference of unlawful discrimination." *Adams v. Trs. of Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011). A plaintiff can satisfy the fourth element by showing "similarly-situated employees outside the protected class received more favorable treatment." *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004).

3

In the employment discrimination context, "[t]he prima facie case . . . is an evidentiary standard, not a pleading requirement." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510 (2002). So, a plaintiff is not required to plead facts to constitute a prima facie case under *McDonnell Douglas* in order to survive a motion to dismiss. But the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545.

Beginning with his Title VII claims, McKenzie-El does not relate any of his allegations of discriminatory conduct to his race or national origin, except in the most conclusory manner.[1] Instead, McKenzie-El's complaint appears to claim these actions were taken based on other discriminatory bases, such as age, retaliation, and religion. However, McKenzie-El didn't raise retaliation, religious accommodation, or age discrimination claims in his complaint. Because McKenzie-El didn't proffer any facts supporting a conclusion that the actions he complains of were taken on account of his race or national origin, he didn't state a plausible claim for relief. So, the district court properly dismissed his Title VII claims.

Turning to McKenzie-El's § 1981 claims, the statute provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every

---

[1] In his brief on appeal, McKenzie-El relies on many allegations of discrimination that the district court found were unexhausted. McKenzie-El has waived any objection to these findings by failing to challenge them on appeal.. *See IGEN Int'l, Inc. v. Roche Diagnostics GmbH*, 335 F.3d 303, 308–09 (4th Cir. 2003). So, in our review of the dismissal of McKenzie-El's Title VII claims, we won't consider the claims that the district court found were not exhausted.

State and Territory to make and enforce contracts . . . as is enjoyed by white citizens." 42 U.S.C. § 1981(a). Courts long relied on the *McDonnell Douglas* burden-shifting framework to evaluate claims of race discrimination in employment under § 1981 where, as here, the plaintiff does not provide any direct evidence of discrimination. *Love-Lane v. Martin,* 355 F.3d 766, 786 (4th Cir. 2004). However, in *Comcast Corp. v. Nat'l Assoc. of African American-Owned Media,* 140 S. Ct. 1009, 1019 (2020), the Supreme Court clarified that *McDonnell Douglas* does not address the causation standard relevant for § 1981 racial-discrimination claims. Instead, to survive a motion to dismiss on such a claim, "a plaintiff must initially plead . . . that, but for race, [he] would not have suffered the loss of a legally protected right." *Id*.

McKenzie-El's complaint simply does not allege facts showing that his race was a causal factor in his specific treatment, much less that it was the "but for" cause.[2] This is especially so considering that McKenzie-El explicitly pled that his age, religion, and complaints to human resources were causes of his employer's actions. Because McKenzie-El's complaint provides no plausible basis for us to conclude that racial discrimination caused his employer to take the alleged actions against him, the district court properly dismissed this claim as well.

---

[2] Title VII's exhaustion requirements don't apply to § 1981 claims, so we reach this decision considering all of McKenzie-El's assertions of wrongdoing. *See Aramburu v. Boeing Co.*, 112 F.3d 1398, 1410 n.9 (10th Cir. 1997).

Finally, McKenzie-El asserts the district court erred in dismissing his complaint with prejudice without providing him an opportunity to amend.[3] Absent a contrary intention, a dismissal for failure to state a claim is with prejudice. *Carter v. Norfolk Cmty. Hosp. Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985). Although district courts "should freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), "a district court does not abuse its discretion by declining to grant a request to amend [a complaint] when it is not properly made as a motion. *ACA Fin. Guar. Corp. v. City of Buena Vista*, 917 F.3d 206, 218 (4th Cir. 2019).

Here, McKenzie-El briefly requested the opportunity to amend his complaint at the end of his response to the defendant's motion to dismiss, but he never filed a proper motion. Moreover, even on appeal, McKenzie-El has provided no insight as to what additional factual allegations he could make that would fix the defects in his complaint. As such, the district court did not abuse its discretion "by declining to grant a motion that was never properly made." *See Cozzarelli v. Inspire Pharms. Inc.,* 549 F.3d 618, 630–31 (4th Cir. 2008) (finding no abuse of discretion where the district court did not state its reasons for dismissing with prejudice but the plaintiffs only made a request to amend their complaint in their response to the motion to dismiss).

---

[3] McKenzie-El also argues on appeal that the district court made improper credibility determinations. Given that McKenzie-El's complaint fails to state a claim, we decline to address these arguments.

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*