**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-1591**

ZARSHED ERGASHOV; DJAMSHED ERGASHOV; KHURSHED ERGASHOV; ALISHER KHAMROKULOV; FARHOD YAROV; BOBIR YAROV,

Plaintiffs - Appellants,

v.

GLOBAL DYNAMIC TRANSPORTATION, LLC; VALERI BIGANISHVILI; DAVID CHKHARTISHVILI; BESIKI CHKHARTISHVILI; EIGHT P CPL, LLC; DOES 1-10; RAM JAVIA,

Defendants - Appellees.

Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, Senior District Judge. (1:15-cv-01007-ADC)

Submitted: February 17, 2017      Decided: February 23, 2017

Before NIEMEYER, DUNCAN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Dmitri A. Chernov, Rockville, Maryland, for Appellants. Robert W. Taylor, Jr., BUTLER, MELFA & TAYLOR, P.A., Towson, Maryland; Judd Garrett Millman, LUCHANSKY LAW, Towson, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Zarshed Ergashov, Djamshed Ergashov, Khurshed Ergashov, Alisher Khamrokulov, Farhod Yarov, and Bobir Yarov appeal the district court's orders granting the Appellees' motion to dismiss for lack of subject-matter jurisdiction and dismissing their complaint. They contend that the district court erred in dismissing their claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207(a)(1) (2012), as they had adequately pleaded both individual and enterprise coverage. Consequently, they argue, the district court also erred in failing to retain jurisdiction over their state-law claims. We affirm.

We review de novo a dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Demetres v. East West Const., Inc., 776 F.3d 271, 272 (4th Cir. 2015). A plaintiff has the burden of establishing jurisdiction. Id. "[W]hen a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard patterned on Rule 12(b)(6) and assume the truthfulness of the facts alleged." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009). However, when a defendant contends that the complaint's jurisdictional allegations are simply not true, then a court may go beyond the complaint, conduct an evidentiary hearing, and resolve any disputed facts. Id.

2

We review de novo a district court's dismissal of an action under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Trejo v. Ryman Hosp. Props., Inc., 795 F.3d 442, 445-46 (4th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The FLSA requires employers to pay covered employees overtime if they work more than 40 hours in a workweek. 29 U.S.C. § 207(a)(1) (2012). A covered employee is one who either "is engaged in commerce or in the production of goods for commerce" (known as "individual coverage") or is employed in "an enterprise engaged in commerce or in the production of goods for commerce" (known as "enterprise coverage"). Id.

With respect to individual coverage, an employee "engaged in commerce" is one who is "in the channels of interstate commerce," as opposed to merely affecting commerce. McLeod v. Threlkeld, 319 U.S. 491, 494 (1943). "The test is whether the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." Mitchell v. C.W. Vollmer & Co., 349 U.S. 427, 429 (1955).

Based on our review of the Appellants' complaint, which emphasizes how little the Appellants were involved in interstate

3

commerce, we conclude the Appellants have failed to allege individual coverage. For example, the Appellants allege that "Plaintiffs were assigned by Defendants specific routes with multiple retail locations, all, without exception, in the State of Maryland." (J.A. 16). Furthermore, "[n]one of the routes involved deliveries to any location outside the State of Maryland or any travel to any location outside the State of Maryland, by Plaintiffs." (J.A. 16).

The Appellants argue that they were engaged in commerce by "deliver[ing] donuts in the Baltimore area to Dunkin Donuts stores, a national franchise." (Appellants' Br. at 6). Yet the mere fact that the stores to which they delivered donuts were part of a national franchise is not enough by itself to establish that the Appellants were engaged in interstate commerce, as opposed to merely affecting it. See McLeod, 319 U.S. at 494; Mitchell, 349 U.S. at 429. Thus, we conclude the Appellants have not shown individual coverage.

Turning next to enterprise coverage, an enterprise is "engaged in commerce or in the production of goods for commerce" when it both has at least $500,000 in annual sales and "has employees engaged in commerce or in the production of goods for commerce" or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person." § 203(s)(1)(A)(i)-(ii).

4

Insofar as the Appellants argue they have demonstrated enterprise coverage because they were employees engaged in commerce, we conclude they fail to show enterprise coverage for the same reason they have failed to show individual coverage: the complaint does not adequately allege enterprise coverage, and delivering to stores that are part of a national franchise is not enough to show that the Appellants were engaged in interstate commerce, as opposed to merely affecting it. See McLeod, 319 U.S. at 494; Mitchell, 349 U.S. at 429.

The Appellants also contend that they were required to fuel their delivery trucks with fuel produced from out of state. However, as the district court noted, this statement is not in the Appellants' complaint, and because the Appellees contended the complaint failed to allege sufficient facts to support subject-matter jurisdiction, the district court could not go beyond the complaint. See Kerns, 585 F.3d at 193; Fed. R. Civ. P. 12(d). Thus, because the Appellants have failed to show either individual or enterprise coverage, we conclude the district court did not err in ultimately dismissing the Appellants' complaint.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

5