**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 17-2219**

─────────────

CRISTIAN VELASQUEZ, on behalf of himself and all others similarly situated,

Plaintiff - Appellant,

v.

SALSAS AND BEER RESTAURANT, INC.; NOE PATINO; PATRICIA PATINO; DIONISIO PATINO; ISMAEL PATINO,

Defendants - Appellees.

─────────────

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Dever III, Chief District Judge. (5:15-cv-00146-D)

─────────────

Submitted: April 24, 2018                           Decided: May 29, 2018

─────────────

Before FLOYD and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Gilda A. Hernandez, Michael B. Cohen, THE LAW OFFICES OF GILDA A. HERNANDEZ, PLLC, Cary, North Carolina, for Appellant. Grant Stephen Mitchell, MITCHELL LAW GROUP, Fayetteville, North Carolina, for Appellees.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cristian Velasquez appeals the district court's order dismissing his complaint for lack of subject matter jurisdiction, or, in the alternative, sua sponte granting summary judgment in favor of Salsas and Beer Restaurant, Inc. ("SBR"), Noe Patino, Patricia Patino, Dionisio Patino, and Ismael Patino (collectively "Defendants") in Velasquez's suit alleging violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 to 219 (2012), and the North Carolina Wage and Hour Act (NCWHA), N.C. Gen. Stat. §§ 95-25.1 to 95-25.25 (2016). We affirm.

"This Court reviews de novo a district court's dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1)." *Balfour Beatty Infrastructure, Inc. v. Mayor & City Council of Balt.*, 855 F.3d 247, 251 (4th Cir. 2017). We similarly review a grant of summary judgment de novo. *Walker v. Mod-U-Kraf Homes, LLC*, 775 F.3d 202, 207 (4th Cir. 2014). In reviewing a summary judgment determination, we must construe the evidence in the light most favorable to the nonmovant, and draw all reasonable inferences in his favor. *Id.*

First Velasquez challenges the district court's conclusion that enterprise coverage[1] under the FLSA is a jurisdictional requirement. Having examined the issue, we disagree with the district court's conclusion. The Supreme Court has created a "readily

---

[1] The FLSA applies to a business, or enterprise, only if, as relevant here, it "has employees engaged in commerce or in the production of goods for commerce, or . . . has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and" its "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A) (2012).

2

administrable bright line" rule in determining whether a threshold limitation on a statute is a jurisdictional requisite. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515-16 (2006). Only when Congress "clearly states that a threshold limitation on a statute's scope shall count as jurisdictional" will it be treated as such; conversely, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character." *Id.*

We conclude that the language of the FLSA does not clearly demonstrate that enterprise coverage is jurisdictional, and rather constitutes an element of an FLSA claim. *See Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 33 (1st Cir. 2007). Although the district court relied on our prior decision in *Ergashov v. Glob. Dynamic Transp., LLC,* 680 F. App'x 161, 162-63 (4th Cir. 2017) (No. 16-1591) to conclude otherwise, we were not in that case tasked with deciding whether enterprise coverage is a jurisdictional requirement, and we did not decide it. Any language suggesting otherwise is dicta.

Nevertheless, we affirm the district court's judgment on the basis of its alternative disposition. In concluding that Velasquez failed to prove an element of his claim, the district court relied on material outside of the pleadings, and therefore the alternative ruling constitutes a sua sponte entry of summary judgment for Defendants. *See* Fed. R. Civ. P. 12(d). "[D]istrict courts may enter summary judgment *sua sponte* 'so long as the losing party was on notice that she had to come forward with all of her evidence.'" *Penley v. McDowell Cty. Bd. of Educ.*, 876 F.3d 646, 661 (4th Cir. 2017) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 326 (1986)).

3

> The notice must be sufficient to provide the losing party with an adequate opportunity to demonstrate a genuine issue of material fact . . . [a]nd it must, in view of the procedural, legal, and factual complexities of the case, allow the party a reasonable opportunity to present all material pertinent to the claims under consideration.

*U.S. Dev. Corp. v. Peoples Fed. Sav. & Loan Ass'n*, 873 F.2d 731, 735 (4th Cir. 1989) (citation omitted). *See also Gibson v. Mayor & Council of City of Wilmington*, 355 F.3d 215, 223–24 (3d Cir. 2004) (holding that adequate notice "mean[s] that the targeted party had reason to believe the court might reach the issue and received a fair opportunity to put its best foot forward." (internal quotation marks omitted)).

Defendants never filed a motion for summary judgment in the district court, and explicitly noted that they were the nonmoving parties in the matter. Thus, the entry of summary judgment occurred sua sponte, and was only proper if the district court provided Velasquez with sufficient notice that he needed to put forth all evidence in favor of his FLSA claim. *Penley*, 876 F.3d at 661. We conclude that Velasquez had sufficient notice.

First, while Defendants did not move for summary judgment, they asserted in their response to Velasquez's motion for summary judgment that they were entitled to judgment as the nonmoving party. In support of that contention, Defendants asserted that Velasquez failed even to seek discovery materials related to either prong of enterprise coverage, that SBR's gross annual income was less than $500,000, and that there was no evidence that Velasquez was engaged in interstate commerce during the course of his employment with SBR. Second, Defendants expressly denied in their answer that enterprise coverage existed. Because Defendants specifically contested the existence of

4

enterprise coverage and argued that Velasquez failed to prove enterprise coverage, Velasquez was aware that he needed to demonstrate the existence of such coverage.

Third, Velasquez himself moved for summary judgment; since enterprise or individual coverage is a "requisite" for FLSA coverage, *Martin v. Deiriggi*, 985 F.2d 129, 133 & n.2 (4th Cir. 1992), and Velasquez had forgone any claim of individual coverage, Velasquez must have understood that he was required to prove enterprise coverage to be entitled to summary judgment. The district court thus could properly consider summary judgment against Velasquez. *See Gibson*, 355 F.3d at 224 ("Given that it was [plaintiff] who moved for summary judgment on the issues of vagueness and overbreadth, he certainly had the opportunity to put his 'best foot forward.'"); *Portsmouth Square Inc. v. S'holders Protective Comm.*, 770 F.2d 866, 869 (9th Cir. 1985) ("*[S]ua sponte* summary judgment is appropriate where one party moves for summary judgment and, after the hearing, it appears from all the evidence presented that there is no genuine issue of material fact and the *non-moving* party is entitled to judgment as a matter of law.").

Finally, although Velasquez argues on appeal that there was a genuine issue of material fact as to whether SBR had gross annual revenues in excess of $500,000, he does not contest the district court's conclusion that there was no evidence that SBR or its employees engaged in interstate commerce as defined by the FLSA, and he has therefore waived appellate review of that dispositive determination.[2] *See* Fed. R. App. P.

---

[2] Velasquez likewise does not challenge on appeal the district court's determination that individual coverage was not satisfied, or its decision to decline to exercise supplemental jurisdiction over his NCWHA claim.

28(a)(8)(A); *Brown v. Nucor Corp.*, 785 F.3d 895, 923 (4th Cir. 2015) ("An appellant must raise every issue that he wishes to press in his opening brief. If the appellant fails to address an issue there, then we will deem the issue waived or abandoned.").

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*